**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>vs.<br><br>WILLIAM G. SEAMAN-RUPP,<br><br>        Defendant. | Case No. 2:15-CR-00265-RCJ-GWF<br><br>**ORDER** |

Defendant moves this Court "to modify [his] sentence to time served or to recommend the Bureau of Prisons (BOP) consider him for immediate placement at a residential reentry center or for home confinement as soon as possible pursuant to 18 U.S.C. § 3621(b)(4) and § 3624(c)(l)." (ECF No. 139.) But Defendant is currently ineligible for placement in a residential reentry center or home confinement, and the Court lacks the authority to modify his sentence. The Court therefore denies his motion.

The Court will first address his request to make a recommendation to the BOP. The BOP has discretion to designate the facility in which a prisoner serves his sentence. 18 U.S.C. § 3621(b). In making this determination, the BOP must consider five factors, one of which is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility

as appropriate." *Id.* The BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the *final months of that term (not to exceed 12 months)*, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *Id.* § 3624(c)(1) (emphasis added). Such custody includes placement in home confinement or residential reentry centers. *Id.* § 3624(g)(2).

Defendant is currently ineligible for placement in a residential reentry center because he has more than twelve months remaining of his sentence; in fact, he still has more than fourteen months remaining. *See Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on June 4, 2020) (noting a projected release date of September 1, 2021). Defendant is therefore asking this Court to recommend the BOP do something it lacks the authority to do. The Court further notes that it has already recommended the BOP place Defendant in "a residential reentry center and for home confinement when he is eligible." (ECF No. 138.)

Turning to the request to modify his sentence, the Court lacks this authority. Defendant vaguely claims that this "Court has the inherent power to modify the sentence" and also raises "compassionate release." (ECF No. 141.) These arguments are meritless.

Courts have no inherent power to modify sentences once imposed. 18 U.S.C. § 3582(c); *see United States v. Welty*, 426 F.2d 615, 617 (3d Cir. 1970) ("At common law a court was in general without power to set aside or modify its criminal judgment after the expiration of the term at which it was entered."). While compassionate release is a codified exception to this general rule, the Court cannot consider an unexhausted motion for such relief filed by a defendant. 18 U.S.C. § 3582(c)(1)(A). As this Court previously ruled, this requirement is inexcusable. *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *7 (D. Nev. June 2, 2020). Defendant provides no argument—let alone support—that he has complied with this procedural prerequisite.

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Recommend Modification of Sentence (ECF No. 139) is DENIED.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge