**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM SEAMAN RUPP,<br><br>　　　　Defendant. | Case No. 2:15-cr-00265-RCJ-GWF<br><br>**ORDER** |

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), raising a fear of contracting COVID-19 and becoming severely ill. For the reasons stated herein, the Court grants this motion.

**FACTUAL BACKGROUND**

On June 6, 2017, Defendant pleaded guilty to Conspiracy to Manufacture and Distribute Controlled Substance and Controlled Substance Analogues, in violation of 21 U.S.C. §§ 802(32), 813, 841(a)(1) and (b)(1)(C), and 846. (ECF Nos. 80, 129.) On March 12, 2018, this Court sentenced Defendant to forty-two months in the Bureau of Prisons (BOP). (ECF No. 129.) According to BOP records, Defendant has served approximately twenty-six months of this term. (ECF No. 145 Ex. A at 4.) Defendant's projected release date is September 1, 2021. (*Id.*) On

February 21, 2020, this Court granted a motion recommending that the BOP transfer Defendant to home confinement when eligible. (ECF No. 142.)

Plaintiff is serving his sentence at FCI Allenwood Low. (ECF No. 145 Ex. B.) At the time that the motion became fully briefed, this institution lacked any positive case of COVID-19 among the inmates and staff. (*See* ECF No. 150 at 2.) Currently, there are three staff members who have recently tested positive but still no inmates who have. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last visited November 30, 2020).

On May 12, 2020, the warden received a letter from Defendant requesting that he be granted compassionate release because of the COVID-19 pandemic and his medical conditions. (ECF No. 145 Ex. C.) The warden denied this motion on May 19, 2020. (*Id.*) Defendant filed an appeal, which was also denied. (*Id.*)

Defendant is currently fifty-one years old. (ECF No. 147.)[1] He suffers from several medical conditions: type two diabetes, obesity, coronary artery disease, hypertension, sleep apnea, and high cholesterol. (*See* ECF No. 147.) Some of these conditions place him at a higher risk of becoming severely ill from COVID-19. *Coronavirus Disease 2019 (COVID-19): Groups at Higher Risk for Severe Illness*, Ctr. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited November 30, 2020) (noting that obesity and type two diabetes place people at an increased risk of becoming severely ill from COVID-19 and that hypertension might as well).

## LEGAL STANDARD

A district court may not generally "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is that a court may grant a reduction to

---

[1] This filing is Defendant's medical records. (ECF No. 147.) Defendant moves that these records be sealed. (ECF No. 146.) The Court grants this motion. *See Colwell v. Bannister*, 763 F.3d 1060, 1064 n.1 (9th Cir. 2014).

a term of imprisonment "(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" based on "extraordinary and compelling reasons" if such a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A).

Either the Bureau of Prisons or a defendant may bring a motion under § 3582(c)(1)(A). A court, however, may not consider a motion brought by a defendant unless he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The applicable policy statement for motions under § 3582(c)(1)(A) is U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13 (U.S. Sentencing Comm'n 2018). This policy statement requires a court to find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(2). It also defines "extraordinary and compelling as reasons" as the following:

1. The defendant is suffering from a terminal illness . . . . [Or] [t]he defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
2. The defendant is at least 65 years old[,] is experiencing a serious deterioration in physical or mental health because of the aging process[,] and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
3. The death or incapacitation of the caregiver of the defendant's minor child or minor children[,] [or] [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
4. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, [those described above].

§ 1B1.13 cmt. n.1(A)–(D).

## ANALYSIS

The Government does not oppose the motion, stating that Defendant has complied with all statutory requirements, leaving the motion within the Court's discretion. Defendant has complied with the exhaustion provision having requested compassionate release from the warden in May 2020. (ECF No. 146 Ex. C.) The Government agrees that medical conditions that place an inmate at a heightened risk of becoming severely ill from COVID-19 may present an extraordinary and compelling reason for compassionate release during the pandemic. (ECF No. 149 at 3.) Despite some prior crimes, the Court does not find that Defendant is a danger to the community. Defendant complied with his terms of pretrial release for two years without incident. Lastly, the Court finds that allowing Defendant to spend the remainder of his imprisonment in home confinement would be within the sentencing considerations of the factors set forth in 18 U.S.C. § 3553(a). For these reasons, the Court finds that compassionate release is appropriate.

The Government nonetheless requests that Defendant be quarantined for a fourteen-day period and given medical clearance, consistent with BOP policy, before any release order takes effect, to minimize the possibility of any spread of COVID-19 from Defendant to the public, and to provide the probation office time to prepare Defendant's release plan and make arrangements to commence its supervision. (ECF No. 149 at 5.) The Court finds that this request is reasonable and grants the motion for compassionate release with this caveat.

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF No. 145) is GRANTED.

IT IS FURTHER ORDERED that Defendant shall be released from Allenwood FCI Low immediately upon completing a fourteen-day quarantine and receiving medical clearance consistent with BOP policy and shall serve the remainder of his term of imprisonment in home confinement.

IT IS FURTHER ORDERED that Defendant's Motion to Seal (ECF No. 146) is GRANTED.

IT IS SO ORDERED.

Dated November 30, 2020.

_____
ROBERT C. JONES
United States District Judge